UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL J. LEVETO | : | CIVIL NO. 05-00149 Erie |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| THE HONORABLE MAURICE | : | |
| B. COHILL | : | Magistrate Judge Susan Paradise |
| | : | Baxter |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS**

## Question Presented

Plaintiff filed a complaint citing 42 U.S.C. § 1983, claiming that the federal defendant incorrectly granted the Government extensions to file responses to plaintiff's pretrial motions in his trial for violating federal tax crimes. The defendant is a federal district court judge acting within his jurisdiction, and the Rules of Criminal Procedure allow courts to have discretion when determining when motions are due. Should the Court dismiss plaintiff's complaint under Fed. R. Civ. P. 12 (b)(6) for failure to state a claim upon which relief can be granted?

## Background

On or about March 25, 2004 Daniel J. Leveto was arrested for various

income tax related crimes.[1]  He has been a pretrial detainee at the Erie County Prison since April, 2004.  Throughout July, 2004, he submitted various pretrial motions to the court.  On August 12, 2004, Judge Maurice B. Cohill, Jr., ordered the Government respond to all of Leveto's pretrial motions by September 3, 2004.  Leveto was convicted in the subsequent jury trial on June 3, 2005.

On or about May 16, 2005, Leveto filed this action alleging that Judge Cohill violated his civil rights.  Specifically, Leveto alleges that Judge Cohill incorrectly granted the Government an extension of time to respond to his motion to dismiss. Because of this, Leveto claims that the Fifth Amendment and "judicial canons" were violated.[2]

In his prayer for relief, Leveto states that he is seeking a dismissal of his indictment and suppression of all evidence.[3]  He is also seeking immediate release from incarceration and "declaratory and injunctive relief."[4]

---

[1] The docket number of the original case is Cr. No. 01-06 Erie.

[2] Complaint at p.6.

[3] *Id*. at p.7.

[4] *Id*.

**Argument**

**1.      Judge Cohill is Entitled to Immunity**

Judge Cohill - a United States District Court Judge - is entitled to judicial immunity in this matter. Few doctrines are more solidly established at common law than the absolute immunity of judges from suit for acts performed in their judicial capacity.[5] The Supreme Court has adhered to this doctrine for more than a century.[6] This absolute immunity from suit "is matchless in its protection of judicial power."[7] It shields judges even against allegations of malice or corruption and without regard to motive or mistake.[8]

Although judicial immunity is an absolute bar to suit, two criteria must be satisfied before it can be invoked.[9] "First, a judge is not immune from liability for nonjudicial action, *i.e.*, actions not taken in the judge's judicial

---

[5]*Cleavinger v. Saxner*, 474 U.S. 193 (1985); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967).

[6]*Bradley v. Fisher*, 80 U.S. 335 (1871).

[7]*McCray v. Maryland*, 456 F.2d 1 (4th Cir. 1972).

[8]*Cleavinger*, 474 U.S. at 193; *Stump v. Sparkman*, 435 U.S. 349 (1978); *Pierson*, 386 U.S. at 554-55.

[9]*Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 768 (3d Cir. 2000).

capacity."[10] "Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction."[11]

Here, Judge Cohill was acting in an official capacity. This was a criminal case that was brought in the Western District of Pennsylvania, of which he was a presiding judge. Leveto is questioning Judge Cohill's ability to grant an extension of time for a response to a pretrial motion. This ability is clearly within a judge's authority.[12] Because Judge Cohill was acting in a judicial capacity in his jurisdiction, he is entitled to judicial immunity, and Leveto cannot maintain an action against him based on those claims. Therefore, Leveto's complaint fails to state a claim upon which relief can be granted and should be dismissed under Fed. R. Civ. P. 12(b)(6).

---

[10]*Id*. at 768-69 (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)).

[11]*Id*. (citing *Mireles*, 502 U.S. at 12).

[12]The Court is given great latitude in determining when motions need to be presented. Rule 45 of the Federal Rules of Criminal Procedure provides that "when an act must or may be done within a specified period of time, the court on its own may extend the time . . . ." Fed. R. Crim. P. 45. Rule 47(c) states that a motion must be produced five days before a hearing date *unless a court order sets a different period*. Fed. R. Crim. P. 47(c). Finally, while Rule 12.1 of the Local Criminal Rules of Court for the Western District of Pennsylvania states that motions must be made within ten days of either before a plea is entered or after arraignment, it also states that the court has the authority to permit a motion to be made and heard at a later date. *See* Local Rules of Court, Western District of Pennsylvania, LcrR 12.1.

**2.     Leveto Fails to State a Claim under 42 U.S.C. § 1983**

To maintain a valid claim under 42 U.S.C. § 1983, a plaintiff must demonstrate the following: (1) the defendants violated rights secured by the Constitution or laws of the United States; and (2) the defendants were acting under color of state law.[13]  Therefore, it is well-settled that federal officials enforcing or operating under federal laws are not subject to suit under 42 U.S.C. § 1983.[14]

In this case, the defendant is a "federal official" operating under "federal laws."  Judge Cohill is a United States District Court Judge.  He was not, and Leveto does not allege, that he was operating under color of state law.  In fact, every legal citation in Leveto's complaint is to a federal statute or regulation. Because Leveto has failed to even allege that the defendant was acting under state law, to the extent that he asserts a claim under § 1983, his complaint fails to state a claim upon which relief can be granted and should be dismissed under Fed. R. Civ. P. 12(b)(6).

Furthermore, even if Judge Cohill was acting under state law, there were no violations of the Constitution or any other laws of the United States.  The Court is

---

[13]*West v. Atkins*, 487 U.S. 42, 48 (1988).

[14]*District of Columbia v. Carter*, 409 U.S. 418, 423-24 (1973); *Wheeldin v. Wheeler*, 373 U.S. 647, 650 n.2 and 652 (1963).

given great latitude in determining when motions need to be presented.  Rule 45 of the Federal Rules of Criminal Procedure provides that "when an act must or may be done within a specified period of time, the court on its own may extend the time . . . ."[15]  Rule 47(c) states that a motion must be produced five days before a hearing date *unless a court order sets a different period.*[16]  Finally, while Rule 12.1 of the Local Criminal Rules of Court for the Western District of Pennsylvania states that motions must be made within ten days of either before a plea is entered or after arraignment, it also states that the court has the authority to permit a motion to be made and heard at a later date.[17]

    Here, Judge Cohill was clearly acting within his authority as a district court judge by allowing the Government to file motions at a date later than when Leveto claimed they were due.  Leveto invoked all of the above rules to claim that there were limitations regarding when motions should be entered.  He, however, fails to recognize that every one of those rules gives the court the authority to grant extensions.  Because there were no procedural rules violations, as Leveto claims, there were no due process violations, and thus, no Fifth Amendment violations.

---

[15] Fed. R. Crim. P. 45.

[16] Fed. R. Crim. P. 47(c).

[17] *See* Local Rules of Court, Western District of Pennsylvania, LcrR 12.1.

Accordingly, to the extent that Leveto is attempting to assert a claim under § 1983, his complaint fails to state a claim upon which relief can be granted and should be dismissed under Fed. R. Civ. P. 12(b)(6).

3.  **The Court Lacks Subject Matter Jurisdiction to Address Leveto's Claim that Judicial Canons Were Violated**

Leveto alleges that because the extensions were granted, judicial canons were violated and therefore he is entitled to relief. This is a flawed claim. The United States Supreme Court has repeatedly held that judicial canons are irrelevant in determining a constitutional violation.[18] As set forth above, Leveto's constitutional rights were not violated. Leveto's claim that judicial canons were violated is irrelevant.[19] Therefore, on this final issue, his complaint also fails to state a claim upon which relief should be granted and should be dismissed under Fed. R. Civ. P. 12(b)(6).

## Conclusion

Leveto's complaint should be dismissed for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12 (b)(6) for the following

---

[18]*Chandler v. Florida*, 449 U.S. 560, 563, 570 (1981) (stating that while some states have adopted judicial canons in their codes, for the purposes of federal jurisdiction, only an analysis of any constitutional violations are necessary). *Estes v. Texas*, 381 U.S. 532, 535 (1965) (judicial canons have no binding effect on courts).

[19]The above discussion notwithstanding, Leveto does not even specify which, if any, canons were violated.

reasons:

    1. Judge Cohill is entitled to judicial immunity because he was performing his duties as a federal district court judge within his jurisdiction.

    2. Leveto's complaint fails to state a claim under 42 U.S.C. § 1983 because the Judge Cohill was not acting under state law, and even if he was, no violations of the Constitution or laws of the United States occurred.

    3. The Court does not have subject matter jurisdiction to address Leveto's claim that judicial canons were violated.

    4. Even if this Court has subject matter jurisdiction, Leveto fails to state a claim that judicial canons were violated because he does not state which canons were violated, and how they were violated.

Date: July 19, 2005

Respectfully submitted,

THOMAS A. MARINO
United States Attorney

/s/ D. Brian Simpson
D. BRIAN SIMPSON
Assistant U.S. Attorney
Attorney I.D. No. OH 0071431
U.S. Attorney's Office
228 Walnut Street, 2nd Floor
Harrisburg, PA 17108-1754
Phone: 717-221-4482
Fax: 717-221-2246
D.Brian.Simpson@usdoj.gov